LEMMON, Judge
(dissenting).
Metry Cab’s exception on the grounds that Palmer was not its agent or employee at the time of the incident is simply the denial of an allegation of fact. By filing an exception, Metry Cab attempted to assert a defense which properly should be tried on the merits. By approving this procedure, this court has approved the piecemeal trial of the merits of the case.
Metry Cab could have asserted this defense prior to trial on the merits by means of a motion for summary judgment. However, such a motion must be served at least ten- days before the time specified for the hearing, and evidence is not admissible at the hearing. Because of the confusing form of the pleading, plaintiff was justifiably unprepared to present countervailing evidence at the trial of this exception and timely objected to the presentation of evidence by Metry Cab. In my opinion the objection to the presentation of evidence should have been maintained, and the judg *742 ment of the trial court should now be annulled and set aside.
The improper evidence indicates that Metry Cab would probably be successful if required to go through a proper summary judgment procedure. In my opinion this is insufficient reason to deny plaintiff his right to proper notice and an opportunity to be heard. La.Const. art. 1, § 6.